[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Claudia Clancy (hereinafter "Clancy"), a teacher in the Newtown school system, instituted this action against the Newtown Board of Education (hereinafter "Board") and the Newtown Federation of Teachers (hereinafter "Union"), as a result of Clancy's salary dispute with the Board. She has requested permission to amend her complaint.[1]
Clancy began working as a teacher in the Newtown school system in 1988, having worked for several years in another school system. Because of her prior experience, Clancy was classified as a "step eight" in the "step system" used to determine teachers' salaries. The Union, as the exclusive bargaining representative for the teachers in the Newtown school system, entered into a collective bargaining agreement covering the 1989-90, 1990-91 and 1994-95 school years. Similarly, the Union entered into a collective bargaining agreement for the 1992-93, 1993-94 and 1994-95 school years. CT Page 4449
Clancy earned a master's degree in August of 1993. Her salary, in accordance with that degree, was considered "step eleven" of the Master's scale for the 1993-94 school year. Clancy, however, believed she was entitled to be paid on the scale of "step thirteen" as a result of earning her Master's degree. After unsuccessful attempts to informally resolve her claim, Clancy filed a grievance with the Union, which eventually progressed to level three under the collective bargaining agreements. The Board eventually denied the grievance.
The first count of the complaint is directed solely towards the Board and alleges that the Board's denial of Clancy's grievance violates the collective bargaining agreements. The second count is directed towards both the Board and the Union, and is based on the same underlying facts as count one. In count two, Clancy seeks declaratory relief to determine the parties' rights under both collective bargaining agreements.
On December 5, 1995, Clancy filed a request for leave to amend her complaint "in order to 1) set forth certain additional facts that are arguably jurisdictional, 2) add a statutory [cause of action] . . . based on the same [underlying facts] . . . and 3) account for events transpiring since the commencement of the action." A proposed complaint was filed with the request. Among the proposed changes to the first count are additional allegations that Clancy was advised by the Union president that the Union would represent her at the grievance hearing, but that the Union did not in fact represent her. Additionally, Clancy alleges that the Union voted to "morally" support her at the level four arbitration procedure, yet the Union acted in direct contravention to this commitment by attempting to have the instant action dismissed for failure to exhaust administrative remedies.[2] Clancy also adds the allegation that the Board improperly denied her annual step advancements that she was entitled to in accordance with the collective bargaining agreements in effect at the time. This denial, Clancy alleges, constitutes a non-renewal of her contract in violation of her tenure, and that therefore, her contract was "renewed as a matter of law." Clancy also seeks to add a cause of action alleging a violation of 42 U.S.C. § 1983 arising out of the same facts alleged in the previous count.
On December 15, 1995, the Board filed a memorandum in opposition to Clancy's request for leave to amend her complaint. CT Page 4450 It argues that Clancy's attempt to amend her complaint after the pleadings have been closed and after three previous revisions to the complaint is simply a dilatory tactic that the court should not permit. Further, the Board argues, the plaintiff's proposed amendments are based upon the same set of facts as alleged in her initial complaint dated November 19, 1993.[3]
Similarly, the Union also opposes Clancy's request for leave to amend her complaint, citing the same reasons in opposition, namely, that allowing Clancy to amend her complaint almost two years after the commencement of this action will result in undue delay. The Union also makes the same observation as the Board that the plaintiff's proposed amendments are based on the same set of facts as alleged in her initial complaint dated November 19, 1993.
A "plaintiff may amend his complaint as of right during the first thirty days after the return day. . . . [Section 52-128 of the General Statutes]; Practice Book § 175. He may further amend the complaint at any time before the case is submitted to the jury by order of the court" under the same General Statutes section and Practice Book § 176. LaMalfa v. Higgins,38 Conn. Sup. 509, 512 n. 5. "Whether to allow an amendment is a matter left to the sound discretion of the trial court. . . ."Connecticut National Bank v. Voog, 233 Conn. 352, 369.
A party will not be allowed to amend a complaint by adding a new cause of action. Such amendments will not relate back to the date of the complaint. Connecticut's relation back doctrine "is akin to rule 15(c) of the Federal Rules of Civil Procedure. . . ."Giglio v. Connecticut Light Power Co., 180 Conn. 230, 239. The Federal rule and Connecticut law both provide that an amendment relates back when the assertion "in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading. . . ." Gurliacci v. Mayer, 218 Conn. 531, 547. As observed in Wright, Miller Kane, Federal Practice and Procedure:
 [T]he federal rules represent a shift away from the rigidified notions of "forms" and "causes of action" to more functional concepts phrased in terms of the underlying conduct, transaction, or occurrence that provides the background of the dispute. The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factualCT Page 4451 situation upon which the action depends remains the same and has been brought to [the] defendant's attention by the original pleading.
(Emphasis added; footnotes omitted.) 6A Charles A. Wright et al.,Federal Practice and Procedure § 1497, pp. 94-95 (1990).
"It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated." Gurliacci v. Mayer,
supra. "It is not unreasonable to require the . . . [respondent] to anticipate all theories of recovery and prepare its defense accordingly." (Internal parentheses omitted; internal quotation marks omitted.) Strano v. Maxwell, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 505137 (May 10, 1994, Corradino, J.).
Both respondents admit that the proposed new pleading arises out of the same facts as alleged in the previous complaints. The fact that Clancy has added a count alleging a statutory violation arising out of the same underlying facts in the previous complaint does not render the amendment improper, since a mere change in the legal theory "is of no consequence if the factual situation upon which the action depends remains the same and has been brought to [the] defendant's attention by the original pleading." 6A Charles A. Wright et al., Federal Practice andProcedure, supra; Strano v. Maxwell, supra.
Clancy's request for leave to amend her complaint is, accordingly, granted.
Moraghan, J.